UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK A. DEROSIA,

Plaintiff,

v. Case No.: 2:25-cv-713-SPC-NPM

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
____________________________________/

**OPINION AND ORDER**

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation. (Doc. 23). Judge Mizell recommends affirming the Decision of the Commissioner of Social Security. Plaintiff objects (Doc. 24) and the Commissioner did not respond. For the below reasons, the objections are overruled, and the Report and Recommendation is adopted.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must determine whether "the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r*

*of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted). The Court, however, cannot "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Id.* When objections are made, the district court engages in a *de novo* review of the issues raised.

The issue raised before the Magistrate Judge was whether the ALJ properly evaluated medical opinions by consultative examiners Dr. Susan Dantoni and Dr. Harbinder Toor when determining the residual functional capacity ("RFC"). Having examined the record, the Court overrules Plaintiff's objection and adopts Judge Mizell's Report and Recommendation in full.

Before reaching Step Four[1], the ALJ determined that Plaintiff had the RFC to perform light work, except:

> he can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. He can occasionally crawl. He must avoid exposure to unprotected heights, and hazardous and vibrating machinery. He can occasionally finger and handle with the left upper extremity. He can occasionally reach to the front and laterally with the left upper extremity. He can occasionally push and pull with the left upper extremity. He can occasionally reach overhead with the left upper extremity. He can adapt to occasional workplace changes. He can have frequent interaction with co-workers, supervisors and with the general public.
> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[.]

[1] The findings at Step One through Four and Five are not relevant to the objections or disputed.

(Tr. 30). The ALJ noted Dr. Dantoni opined that Plaintiff had marked limitations for lifting, carrying, reaching, and handling objects with his left arm, and no other physical limitations, but that he experiences headaches and dizziness every day that can interrupt his schedule. The ALJ found this persuasive to some extent, but not regarding the schedule interruptions, because that portion of the opinion was vague and did not specify how often or for how long the scheduled interruptions would occur. In rejecting portions of Dr. Dantoni's opinions, the ALJ found Dr. Dantoni's opinion was not consistent with evidence reflecting that Plaintiff was doing well as of his August 2023 neurology visit with no mention of headaches. (Tr. at 34, 491–494, Exh. 5F).

The ALJ also considered the opinion of Dr. Toor that Plaintiff had moderate to marked limitations pushing, pulling, lifting, and reaching with the left arm, a moderate to marked limitation doing fine motor activity with the left hand, and dizziness, nausea, and headaches that can interfere with Plaintiff's routine and sometimes with balance. (Tr. 34). This was found persuasive in part, except as to the portion finding marked limitations with use of the left hand, and the portion stating that the claimant's dizziness, nausea, and headaches can interfere with his routine and sometimes his balance. (Tr. 34–35). The ALJ found that the marked limitations with use of Plaintiff's left hand were supported by the examination but not consistent with the evidence of record showing a normal EMG of the left upper extremity and

neurology records from the same month reflecting largely normal tone, muscle bulk, and no atrophy in the left upper extremity. (Tr. 35). The ALJ also found that the portion of the opinion that Plaintiff's dizziness, nausea, and headaches could interfere was vague without specific functional limitations and inconsistent with the August 2023 neurology visit. (Tr. 35).

Plaintiff disagrees with the Magistrate Judge's conclusion that the ALJ properly considered the medical opinions of Drs. Dantoni and Toor. The Court addresses the two consultative medical opinions at issue in turn.

In Plaintiff's original brief, Plaintiff argued that the ALJ used circular reasoning to evaluate the persuasiveness of Dr. Dantoni's opinion and failed to bridge the evidence and the limitations in the RFC. (Doc. 23 at 11). To the contrary, Judge Mizell found that the ALJ properly considered the persuasiveness of Dr. Dantoni's opinion and found Dr. Dantoni's opinion was supported by her examination and consistent with Plaintiff's treatment records. Additionally, Judge Mizell found that the ALJ clearly stated that the RFC was determined *after* consideration of the entire record. (*Id.* at 13). Plaintiff again objects that the "evaluation of persuasiveness was based on circular logic, using the RFC to inform the persuasiveness of the opinions, rather than using the opinions to inform the RFC." (Doc. 24 at 2).

The ALJ is required to articulate how persuasive the medical opinions and prior medical findings are, with supportability and consistency being the

most important factors considered. 20 C.F.R. § 404.1520c(b)(2). An ALJ "cannot credit a medical opinion to the extent it is consistent" with the pre-determined RFC because the reasoning would be "circular and flawed." *Shannon Jo H. v. Comm'r of Soc. Sec.*, No. 5:21-CV-878 (CFH), 2023 WL 246841, at *3 (N.D.N.Y. Jan. 18, 2023).

The Court finds that the ALJ properly evaluated Dr. Dantoni's opinion. The ALJ specifically stated what portions of Dr. Dantoni's opinion were persuasive and the portions that were not. The ALJ also detailed why the opinion was not persuasive when considering the August 2023 examination that reflected full power in all muscle groups, including the left upper extremity. This evaluation built the "logical analytical bridge," between the non-persuasive evidence and why the ALJ found it not persuasive. *Gary-Lowe v. O'Malley*, No. 22-CV-22379-JB, 2024 WL 1178658, at *7 (S. D. Fla. Feb. 12, 2024). There is no basis for the Court to find the ALJ put the cart before the horse, nor can the Court reweigh the evidence or substitute its judgment for the Commissioner's. As such, Plaintiff's objection as to Dr. Dantoni is overruled.

As for Dr. Toor's opinion, Plaintiff's original brief argued that the ALJ cherry-picked evidence from a narrow period of time, which ultimately excluded evidence of the progressive nature of his impairments. (Doc. 17 at 12–13). Specifically, Plaintiff highlighted two issues. First, according to

Plaintiff, the ALJ failed to consider the consistency with Dr. Dantoni's opinion. (*Id.* at 13). Second, the ALJ did not meaningfully address Dr. Lyons' opinion. (*Id.* at 13–14). These are the same arguments Plaintiff presents as his objection. (Doc. 24 at 3–4).

The Court need not belabor the point as Judge Mizell properly pointed out that Plaintiff's objection asks the Court to reweigh the evidence before the ALJ. As noted in the Report and Recommendation, the ALJ did in fact consider the consistency of Dr. Dantoni's and Dr. Toor's opinion but simply credited the August 2023 neurology treatment records over Dr. Toor's opinion. (Doc. 23 at 17). Further, the ALJ meaningfully addressed why Dr. Lyons' opinion was not persuasive given it was incomplete, internally inconsistent, and even inconsistent with Dr. Toor's and Dr. Dantoni's opinions. (Tr. 34, 553). Though Plaintiff may place more weight on Dr. Lyons' assessment in September 2023, which he believes shows the progressive nature of his impairment, the Court may not second-guess such judgment where the ALJ properly identified issues with Dr. Lyons' opinion and credited the August 2023 record evidence over later evidence. As such, Plaintiff's objection as to Dr. Toor is overruled.

Because the ALJ's decision is supported by substantial evidence, the decision of the ALJ is affirmed, and Judge Mizell's well-reasoned Report and Recommendation is adopted in full.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 23) is **ACCEPTED** and the findings incorporated. The objections are overruled.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 8, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record